IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **LAVONE WELLS, individually as next of kin and on behalf of the wrongful death beneficiaries of John Wells, deceased,** | ) | |
| **Plaintiff,** | ) | **Case No. 3:26-cv-00957** |
| | ) | **Judge Aleta A. Trauger** |
| **v.** | ) | |
| **MARYVILLE JAMESTOWN OPCO LLC, D/B/A Foothills Transitional Care and Rehabilitation, and CLEARVIEW HEALTHCARE MANAGEMENT TN, LLC,** | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM</u>**

The plaintiff has filed a Motion For Leave to Amend Complaint to Add Defendant Clearview Healthcare Management ("Motion to Amend") (Doc. No. 29). For the reasons set forth herein, the Motion to Amend will be granted.

## I. LEGAL STANDARDS

### A. Rule 15(a)

Rule 15(a) permits a party to amend its pleading "once as a matter of course" within twenty-one days after serving it or twenty-one days after service of a responsive pleading or certain Rule 12 motions. Fed. R. Civ. P. 15(a)(1). Once that window closes, a party may amend its pleading only with the opposing party's consent or by leave of court, in which case the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Rule's purpose is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025) (internal quotation

marks and citation omitted). Thus, Rule 15(a)(2) "embodies a 'liberal amendment policy.'" *Brown v. Chapman*, 814 F.3d 436, 442 (6th Cir. 2016) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

Notwithstanding the liberality with which courts generally are to approach motions to amend, "a court need not grant a motion to amend when the reason for amendment is improper, 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 617 (6th Cir. 2024) (quoting *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737 (6th Cir. 2022)). Amendment is futile if, even after amendment, "the complaint still could not withstand a Rule 12(b)(6) motion to dismiss." *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024) (quoting *Skatemore*, 40 F.4th at 737–38).

**B. Rule 12(b)(6)**

A Rule 12(b)(6) motion to dismiss tests the complaint's legal sufficiency. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Such a motion is properly granted if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020) (quoting Fed. R. Civ. P. 12(b)(6)). To survive a motion to dismiss, a complaint must allege facts that, if accepted as true, are sufficient to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). A complaint has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). But a complaint that "tenders 'naked assertions' devoid of 'further factual enhancement'" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 557). In ruling on a motion to dismiss for failure to state a claim, the court accepts the

complaint's well-pleaded allegations as true, construes the complaint in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *Eastep v. City of Nashville*, 156 F.4th 819, 826 (6th Cir. 2025) (citing *Courtright v. City of Battle Creek*, 839 F.3d 513, 517 (6th Cir. 2016)), *cert. denied sub nom. Eastep v. Carrick*, 146 S. Ct. 1816 (2026).

## II. FACTS & PROCEDURAL HISTORY

Because the court has already described this case's complicated procedural history, (*see* Doc. No. 48 at 4–6), it will recount only the procedural history and facts strictly necessary to resolve the Motion to Amend. According to the operative pleading, on January 11, 2024, John Wells fell and later died while a resident of Foothills Transitional Care Rehabilitation ("Foothills"), which is operated by defendant Maryville Jamestown OPCO LLC ("Maryville"). (First Am. Compl. ("FAC"), Doc. No. 1-1 ¶¶ 3, 7, 12.) Lavone Wells, John Wells' spouse, alleges negligence under the Tennessee Health Care Liability Act (formerly known as the Tennessee Medical Malpractice Act), codified at Tenn. Code Ann. § 29-26-101, *et. seq.*, and common law claims. (*Id.* ¶¶ 1, 14–24.)

According to the plaintiff, after Maryville filed its Corporate Disclosure Statement (Doc. No. 12), which revealed Maryville's ownership, she submitted a Freedom of Information Act request "for the Medicare cost report filed on behalf of" Foothills. (Doc. No. 30 at 3.) As the plaintiff interprets the report she received in response (Doc. No. 30-2), Foothills "is part of a chain organization whose home office is Clearview Healthcare Management TN LLC" ("Clearview") (Doc. No. 30 at 3), which the plaintiff seeks to add as a defendant.

The plaintiff has filed her Motion to Amend (Doc. No. 29), along with a Memorandum (Doc. No. 30), the proposed Second Amended Complaint (Doc. No. 30-1), and Exhibits (Doc. Nos. 30-2, 30-3). The defendant has filed a Response (Doc. No. 31) and Exhibits (Doc. Nos. 31-1

through 31-8); the plaintiff has filed a Reply (Doc. No. 32). The case is before this court on the basis of diversity jurisdiction.[1] (*See* Doc. No. 48 at 5.)

## III. DISCUSSION

The defendant opposes amendment. First, the defendant argues that the statute of limitations has run. This, the defendant maintains, has two effects: (1) Rule 15 does not permit the plaintiff to add a party, and (2) any such amendment, if permitted, would be futile. (Doc. No. 31 at 2–4.) Second, the defendant argues that the plaintiff has long known about Clearview, so seeking to add it now as a defendant constitutes "undue delay, bad faith and dilatory motive." (*Id.* at 4–9.)

### A. Statute of Limitations

Courts sitting in diversity apply state substantive law, *Berk v. Choy*, 607 U.S. 187, 192 (2026) (citing 28 U.S.C. § 1652), including state statutes of limitations, *Curtis v. State Farm Fire & Cas. Co.*, 617 F. App'x 517, 518 (6th Cir. 2015) (citing *Wallace v. Kato*, 549 U.S. 384, 394 (2007)). The parties agree that the plaintiff's deadline for initiating this action against Foothills was, at the latest, in May 2026. (Doc. No. 30 at 2 n.1 (first citing Tenn. Code Ann. § 29-26-116(a)(3); and then citing *id.* § 29-26-121); Doc. No. 31 at 2 & n.2 (same).) The plaintiff moved to amend in June 2026. (*See* Doc. No. 29.) Under Rule 15, however, "[a]n amendment to a pleading relates back to the date of the original pleading," and therefore is not barred by an intervening expiration of a statute of limitations, in several circumstances. Fed. R. Civ. P. 15(c)(1). Courts sitting in diversity apply federal procedural law, *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996), and "whether an amendment relates back under Rule 15(c) 'is a question of federal

---

[1] The court observes that the plaintiff has not pled Clearview's citizenship. (*See* Doc. No. 30-1, proposed Second Amended Complaint ¶ 3 (alleging that Clearview's "principal office and mailing address" is in New Jersey).) But a "limited liability company . . . has the citizenship of its members." *Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) (citation omitted)).

procedure not controlled by state law even in a diversity case.'" *Hayes v. Gordon Food Serv., Inc.*, 783 F. Supp. 3d 1016, 1027 (W.D. Ky. 2025) (quoting *Boker v. Corning Inc.*, 114 F.3d 1186 (Table), 1997 WL 267588, at *2 (6th Cir. 1997)).

In *Zakora v. Chrisman*, the Sixth Circuit explained that it has "repeatedly held that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" 44 F.4th 453, 480 (6th Cir. 2022) (quoting *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010)); *accord Rose v. Lake Cumberland Reg'l Hosp., LLC*, No. 6:19-cv-221-CHB-HAI, 2021 WL 7286277, at *6 (E.D. Ky. Sept. 30, 2021) ("Sixth Circuit law contains a blanket disapproval of relation-back for *added* parties."). Thus, the defendant argues that plaintiffs cannot use Rule 15 to "add parties once the statute of limitations has expired." (Doc. No. 31 at 3 (citing *Zakora*, 44 F.4th at 480).)

However, as the plaintiff points out (Doc. No. 32 at 2–3), "Federal Rule 15 *separately* allows an amendment to relate back to the original complaint if 'the law that provides the applicable statute of limitations allows relation back.'" *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 606 (6th Cir. 2025) (quoting Fed. R. Civ. P. 15(c)(1)(A)); *see, e.g.*, *In re Nat'l Prescription Opiate Litig.*, No. 19-op-45853, 2024 WL 4912429, at *18 & n.22 (N.D. Ohio Aug. 22, 2024) (applying state law regarding relation back to state claims, although noting that "Sixth Circuit case law on the issue of whether relation-back is governed by state or federal law 'is not a model of clarity'" (quoting *Rose*, 2021 WL 7286277, at *4)). As the Rules Advisory Committee explained, this provision was "intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law." Fed. R. Civ. P. 15(c)(1) Advisory Committee Notes, 1991 Amendment. Thus, "[w]hatever may be the controlling body of limitations law"—in this case, Tennessee law regarding medical health care

liability actions—"if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." *Id.*; *accord* 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1503 (3d ed.) ("Whatever doubts existed about the ability to apply state law to allow relation back when the federal rule would not were eradicated with the amendment of Rule 15(c) in 1991."). So, the court will look to Tennessee law.

As the plaintiff argues, Tennessee law provides that, "[w]hen determining the statute of limitations in a health care liability action, the date of the original pleading shall control *regardless of whether there are* amended pleadings or substituted or *added parties*." Tenn. Code Ann. § 29-26-102(c). Thus, although Rule 15 may otherwise prohibit the plaintiff from adding a party, because Tennessee law—the "law that provides the applicable statute of limitations"—allows relation back for added parties, relation back is thereby permitted by Rule 15(c)(1)(A).

Second, the defendant argues that the plaintiff's amending the Complaint to add a time-barred claim would be futile, and courts may deny a motion to amend for that reason. (Doc. No. 31 at 2–3.) For the reasons the court has described, it does not appear that adding Clearview would be time-barred. Moreover, the basis for the defendant's futility argument is the expiration of a statute of limitations, which is an "affirmative defense that a plaintiff ordinarily need not plead to state a claim." *Wershe v. City of Detroit*, 112 F.4th 357, 364 (6th Cir. 2024), *cert. denied*, 145 S. Ct. 1128 (2025); *see* Fed. R. Civ. P. 8(c)(1). And "it is usually not appropriate to dismiss a claim under Rule 12(b)(6) based upon the statute of limitations" unless "the allegations in a complaint affirmatively show that a claim is time-barred." *Singh v. Procter & Gamble Co.*, No. 23-3414, 2024 WL 2070683, at *1 (6th Cir. Jan. 24, 2024) (citations omitted). The allegations in the proposed Second Amended Complaint do not affirmatively show that the claims against the new

defendant are time-barred, and the defendant has not shown that the proposed amendment would be futile.[2]

**B. Undue Delay, Bad Faith, and Dilatory Motive**

Courts may deny motions to amend when the movant acted with "undue delay, bad faith or dilatory motive." *Greer*, 114 F.at 617 (citation omitted). But to "deny a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)). The defendant states that the plaintiff acted with "undue delay, bad faith[,] and dilatory motive" but does not argue that it or Clearview would be prejudiced by amendment. (Doc. No. 31 at 4–9.) The court infers no significant prejudice based on the defendant's argument. By way of illustration, before the case was transferred to this court from the Eastern District of Tennessee (Doc. No. 33), the parties agreed on May 13, 2026 that they would have until March 29, 2027 to "request leave to join additional parties or amend pleadings." (Report of Rule 26(f) Planning Meeting, Doc. No. 28 at 4.) The plaintiff moved to amend on June 15, 2026, more than nine months before the deadline the parties selected.

The defendant's first argument regarding undue delay is that the plaintiff "knew of the existence of Clearview . . . before the lawsuit was even filed" because plaintiff's counsel has previously represented other clients in similar suits against Clearview. (Doc. No. 31 at 3 (citing Doc. Nos. 31-1 through 31-5).) For example, "in March of 2026, Clearview . . . was sued by counsel for Plaintiff in the Rorex matter . . . for managing a skilled nursing facility." (*Id.* (citing

[2] Moreover, in her Reply brief, the plaintiff argues that the statute of limitations began to run, as to Clearview, only when the plaintiff discovered Clearview's role in this case, on March 2, 2026, and that it had not expired when she moved to amend. (Doc. No. 32 at 3–5 (citing Tenn. Code Ann. 29-26-116(a)(2)).)

Doc. No. 31-5).) The plaintiff responds that it is immaterial whether plaintiff's counsel was familiar with Clearview, generally; what matters is its connection to this case. (Doc. No. 32 at 3.) The court agrees. The mere fact that plaintiff's counsel "knew of the party to be added," as the defendant puts it (Doc. No. 31 at 4), does not mean that it knew about its connection to this case.

Second, the defendant argues that the plaintiff had specific knowledge of Clearview's role because its name appears on two documents the defendant states are in the plaintiff's possession. (*Id.* at 5–8.) According to the defendant, in January 2025, the plaintiff "was provided an invoice and . . . the facility file relating to Mr. Wells." (*Id.* at 5 (citing Doc. No. 31-6, the invoice).) The invoice has a "ClearView Healthcare Management" watermark and its name and insignia in its header. (Doc. No. 31-6 at 2.) The second set of references to Clearview are contained in excerpts from John Wells' "facility file" (Doc. No. 31-8), which, according to the defendant, the plaintiff received in January 2025 and produced pursuant to her May 2026 initial disclosures. (Doc. No. 31 at 6–8 (citing Doc. Nos. 31-7, 31-8).) The plaintiff does not respond to this argument, but the court will not infer undue delay, bad faith, or dilatory motive from the fact that the prospective defendant's name appeared on a handful of documents. In any event, as the court has mentioned, the defendant describes no prejudice that would result from the plaintiff's proposed amendment.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Amend (Doc. No. 29) will be granted.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge